**Helen F. Dalton & Associates, P.C.**
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X
ALEYDA GONZALES SANTOS, VALENTINA PARRA GARCIA, JANNETH MARTIN LOZANO, LILIANA PEREZ and ALEXANDRA GARCIA SARMIENTO, individually and on behalf of all others similarly situated,

                      Plaintiffs,

   -against-

ELITE DEALER SOLUTIONS LLC, and JORGE MEJIA, as an individual,

                      Defendants.
-------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, **ALEYDA GONZALES SANTOS, VALENTINA PARRA GARCIA, JANNETH MARTIN LOZANO, LILIANA PEREZ and ALEXANDRA GARCIA SARMIENTO, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, **ALEYDA GONZALES SANTOS, VALENTINA PARRA GARCIA, JANNETH MARTIN LOZANO, LILIANA PEREZ and ALEXANDRA GARCIA SARMIENTO, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **ELITE DEALER SOLUTIONS LLC, and JORGE MEJIA, as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at ELITE DEALER SOLUTIONS LLC., located

at 652 Monmouth Avenue, Kenilworth, NJ 07033 and for work performed at 2699 Nostrand Avenue, Brooklyn, New York 11201.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff ALEYDA GONZALES SANTOS residing at Brooklyn, NY 11208, was employed by the Defendant at ELITE DEALER SOLUTIONS LLC, from in or around June 2020 until in or around January 2022.

8. Plaintiff VALENTINA PARRA GARCIA residing at Flushing, NY 11372, was employed by the Defendant at ELITE DEALER SOLUTIONS LLC, from in or around January 2020 until in or around April 2022.

9. Plaintiff JANNETH MARTIN LOZANO residing at Howard Beach, NY 11414, was employed by the Defendant at ELITE DEALER SOLUTIONS LLC, from in or around May 2019 until in or around April 2022.

10. Plaintiff LILIANA PEREZ residing at Flushing, NY 11373, was employed by the Defendant at ELITE DEALER SOLUTIONS LLC, from in or around July 2020 until in or around February 2021.

11. Plaintiff ALEXANDRA GARCIA SARMIENTO residing at Jackson Hills, NY 11372, was employed by the Defendant at ELITE DEALER SOLUTIONS LLC, from in or around January 2021 until in or around July 2021.

12. Defendant, ELITE DEALER SOLUTIONS LLC, is a corporation organized under the laws of New Jersey with a principal executive office at 652 Monmouth Ave, Kenilworth, NJ, 07033.

13. Defendant, ELITE DEALER SOLUTIONS LLC is a corporation authorized to do business under the laws of New Jersey.

14. Defendant, ELITE DEALER SOLUITIONS LLC, is a foreign corporation that regularly transacts business in the State of New York, regularly does and solicits business in the State of New York, and derives substantial revenue from services performed in the State of New York.

15. Upon information and belief, Defendant JORGE MEJIA owns and operates ELITE DEALER SOLUTIONS LLC.

16. Upon information and belief, Defendant JORGE MEJIA is an agent of ELITE DEALER SOLUTIONS LLC.

17. Upon information and belief, Defendant JORGE MEJIA has power over personnel decisions at ELITE DEALER SOLUTIONS LLC.

18. Upon information and belief, Defendant JORGE MEJIA has power over payroll decisions at ELITE DEALER SOLUTIONS LLC.

19. Defendant JORGE MEJIA has the power to hire and fire employees at ELITE DEALER SOLUTIONS LLC, establish and pay their wages, set their work schedule, and maintains their employment records.

20. JORGE MEJIA hired Plaintiffs to perform cleaning services on behalf of ELITE DEALER SOLUTIONS LLC at or around 2699 Nostrand Avenue, Brooklyn, New York 11201.

21. During all relevant times herein, Defendant JORGE MEJIA was Plaintiff's employer within the meaning of the FLSA and NYLL.

22. On information and belief, ELITE DEALER SOLUTIONS LLC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
## ALEYDA GONZALES SANTOS

23. Plaintiff ALEYDA GONZALES SANTOS was employed by the Defendant at ELITE DEALER SOLUTIONS LLC, from in or around June 2020 until in or around January 2022.

24. During Plaintiff ALEYDA GONZALES SANTOS' employment by Defendants at ELITE DEALER SOLUTIONS LLC, Plaintiff's primary duties were as a cleaner, and performing other miscellaneous duties from in or around June 2020 until in or around January 2022.

25. Plaintiff regularly worked five (5) days per week from in or around June 2020 until in or around August 2020 and six (6) days per week from in or around September 2020 until in or around January 2022.

26. Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ended at approximately 4:00 p.m., or later, five (5) days per week from in or around June 2020 until in or around August 2020.

27. Plaintiff also worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ended at approximately 4:00 p.m., or later, five (5) days per week and from 7:00 am until 2:00 p.m. or later, once a week, from in or around September 2020 until in or around January 2022.

28. Thus, Plaintiff ALEYDA GONZALES SANTOS was regularly required to work forty-five (45) hours or more hours each week from in or around June 2020 until in or around August 2020 and approximately fifty-two (52) hours or more hours each week at ELITE DEALER SOLUTIONS LLC, from in or around September 2020 until in or around January 1, 2022.

29. Plaintiff ALEYDA GONZALES SANTOS was paid by Defendants a flat hourly rate of approximately $14.00 per hour from in or around June 2020 until in or around January 1, 2022.

30. Although Plaintiff ALEYDA GONZALES SANTOS worked forty-five (45) hours or more hours each week from in or around June 2020 until in or around August 2020 and approximately fifty-two (52) hours or more hours each week from in or around September 2020 until in or around January 1, 2022, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

31. Further, Defendants failed to pay Plaintiff ALEYDA GONZALES SANTOS the legally prescribed minimum wage for all her hours worked from June 2020 until in or around January 1, 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

**VALENTINA PARRA GARCIA**

32. Plaintiff VALENTINA PARRA GARCIA was employed by Defendants at ELITE DEALER SOLUTIONS LLC, from in or around January 2020 until in or around April 2022.

33. During Plaintiff VALENTINA PARRA GARCIA'S employment by Defendants at ELITE DEALER SOLUTIONS LLC, Plaintiff's primary duties were as a cleaner, and performing other miscellaneous duties from in or around January 2020 until in or around April 2022.

34. Plaintiff regularly worked six (6) days per week from in or around January 2020 until in or around April 2022.

35. Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ended at approximately 4:00 p.m., or later, six (6) days per week from in or around January 2020 until in or around April 2022.

36. Thus, Plaintiff VALENTINA PARRA GARICA was regularly required to work fifty-four (54) hours or more hours each week from in or around January 2020 until in or around April 2022.

37. Plaintiff VALENTINA PARRA GARCIA was paid by Defendants a flat hourly rate of approximately:
    i.  $13.00 per hour from in or around January 2020 until in or around December 2020; and
    ii. $14.00 per hour from in or around January 2021 until in or around April 2022.

38. Although Plaintiff VALENTINA PARRA GARCIA worked approximately fifty-four (54) hours or more hours each week during her employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

39. Further, Defendants failed to pay Plaintiff VALENTINA PARRA GARCIA the legally prescribed minimum wage for all her hours worked from January 2020 until in or around April 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

**JANNETH MARTIN LOZANO**

40. Plaintiff JANNETH MARTIN LOZANO was employed by Defendants at ELITE DEALER SOLUTIONS LLC, from in or around May 2019 until in or around April 2022.

41. During Plaintiff JANNETH MARTIN LOZANO'S employment by Defendants at ELITE DEALER SOLUTIONS LLC, Plaintiff's primary duties were as a cleaner, and performing other miscellaneous duties from in or around May 2019 until in or around April 2022.

42. Plaintiff regularly worked six (6) days per week from in or around January 2020 until in or around April 2022.

43. Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ended at approximately 4:00 p.m., or later, six (6) days per week from in or around May 2019 until in or around December 2019.

44. Plaintiff also worked a schedule of shifts beginning at approximately 6:00 a.m. each workday and regularly ended at approximately 3:00 p.m., or later, six (6) days per week from in or around January 2020 until in or around April 2022.

45. Thus, Plaintiff JANNETH MARTIN LOZANO was regularly required to work fifty-four (54) hours or more hours each week during her employment by the Defendants.

46. Plaintiff JANNETH MARTIN LOZANO was paid by Defendants a flat hourly rate of approximately:

    i. $13.00 per hour from in or around May 2019 until in or around December 2020;

    ii. $14.00 per hour from in or around January 2021 until in or around December 2021; and

    iii. $15.00 per hour from in or around January 2022 until in or around April 2022.

47. Although Plaintiff JANNETH MARTIN LOZANO worked approximately fifty-four (54) hours or more hours each week during her employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

48. Further, Defendants failed to pay Plaintiff JANNETH MARTIN LOZANO the legally prescribed minimum wage for all her hours worked from May 2019 until in or around December 2021, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

## **LILIANA PEREZ**

49. Plaintiff LILIANA PEREZ was employed by Defendants at ELITE DEALER SOLUTIONS LLC, from in or around July 2020 until in or around February 2021.

50. During Plaintiff LILIANA PEREZ employment by Defendants at ELITE DEALER SOLUTIONS LLC, Plaintiff's primary duties were as a cleaner, and performing other miscellaneous duties from in or around July 2020 until in or around February 2021.

51. Plaintiff LILIANA PEREZ regularly worked six (6) days per week from in or around July 2020 until in or around February 2021.

52. Plaintiff regularly worked schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ended at approximately 4:00 p.m., or later, from in or around July 2020 until in or around December 2020 and beginning at approximately 8:00 a.m. each workday and regularly ended at approximately 5:00 p.m., or later, from in or around January 2021 until in or around February 2021.

53. Thus, Plaintiff LILIANA PEREZ regularly required to work fifty-four (54) hours or more hours each week during her employment by the Defendants.

54. Plaintiff LILIANA PEREZ was paid by Defendants a flat hourly rate of approximately $13.50 per hour from in or around July 2020 until in or around February 2021.

55. Although Plaintiff LILIANA PEREZ worked approximately sixty-three (63) hours or more hours per week during her employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

56. Further, Defendants failed to pay Plaintiff LILIANA PEREZ the legally prescribed minimum wage for all her hours worked from July 2020 until in or around February 2021, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

### ALEXANDRA GARCIA SARMIENTO

57. Plaintiff ALEXANDRA GARCIA SARMIENTO was employed by Defendants at ELITE DEALER SOLUTIONS LLC, from in or around January 2021 until in or around July 2021.

58. During Plaintiff ALEXANDRA GARCIA SARMIENTO'S employment by Defendants at ELITE DEALER SOLUTIONS LLC, Plaintiff's primary duties were as a cleaner,

and performing other miscellaneous duties from in or around January 2021 until in or around July 2021.

59. Plaintiff ALEXANDRA GARCIA SARMIENTO regularly worked six (6) days per week from in or around January 2021 until in or around July 2021.

60. Plaintiff regularly worked schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ended at approximately 4:00 p.m., or later, from in or around January 2021 until in or around July 2021.

61. Thus, Plaintiff ALEXANDRA GARCIA SARMIENTO was regularly required to work fifty-four (54) hours or more hours per week at ELITE DEALER SOLUTIONS LLC, from in or around January 2021 until in or around July 2021.

62. Plaintiff ALEXANDRA GARCIA SARMIENTO was paid by Defendants a flat hourly rate of approximately $13.00 per hour from in or around January 2021 until in or around July 2021.

63. Although Plaintiff ALEXANDRA GARCIA SARMIENTO worked approximately fifty-four (54) hours or more hours per week during her employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

64. Further, Defendants failed to pay Plaintiff ALEXANDRA GARCIA SARMIENTO the legally prescribed minimum wage for all her hours worked from January 2021 until in or around July 2021, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

## **DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS**

65. Upon information and belief, Defendants willfully failed to post notices of the applicable overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

66. Upon information and belief, Defendants willfully failed to keep contemporaneous payroll records as required by the FLSA and NYLL.
67. Upon information and belief, Defendants willfully failed to maintain accurate employee payroll and wage records as required by the FLSA and NYLL.
68. As a result of these various violations of Federal and State wage and hour laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all his legal and equitable remedies available as this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

69. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
70. Collective Class: All persons who are or have been employed by the Defendants as cleaners or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.
71. Upon information and belief, Defendants employed approximately 15 to 25 employees within the relevant time period who were subjected to similar payment structures.
72. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
73. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without receiving proper minimum wage compensation.
74. Defendants' unlawful conduct has been widespread, repeated, and consistent.
75. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

76. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class were being compensated below the applicable minimum wage rates.
77. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
78. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
79. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
80. The claims of Plaintiffs is typical of the claims of the putative class.
81. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
82. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
**Overtime Wages Under The Fair Labor Standards Act**

83. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
84. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.
85. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

86. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

87. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

88. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

89. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

90. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

91. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

92. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

93. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

94. Plaintiffs re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

95. At all relevant times, Defendants failed to pay Plaintiffs the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

96. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

97. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

98. Plaintiff re-allege and incorporate by reference all allegations contained in all preceding paragraphs.

99. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

100. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

101. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

102. Defendants failed to credit or compensate Plaintiffs the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

103. Defendants failed to pay Plaintiffs the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

104. Due to Defendants' NYLL violations, Plaintiffs is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

105. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
106. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).
107. Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

108. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
109. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).
110. Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the NYLL and their regulations;

b.  Awarding Plaintiffs unpaid overtime wages;

c.  Awarding Plaintiffs unpaid minimum wages;

d.  Awarding Plaintiffs liquidated damages;

e.  Awarding Plaintiffs prejudgment and post-judgment interest;

f.  Awarding Plaintiffs, the costs of this action together with reasonable attorneys' fees; and

g.  Awarding such and further relief as this court deems necessary and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 5th day of May 2022.

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
**Helen F. Dalton & Associates, PC**
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEYDA GONZALES SANTOS, VALENTINA PARRA GARCIA, JANNETH MARTIN LOZANO, LILIANA PEREZ and ALEXANDRA GARCIA SARMIENTO, individually and on behalf of all others similarly situated,

                Plaintiffs,

-against-

ELITE DEALER SOLUTIONS LLC, and JORGE MEJIA, as an individual,

                Defendants.

SUMMONS & COMPLAINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
**Attorneys for Plaintiff**
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

To :

**ELITE DEALER SOLUTIONS LLC**
652 Monmouth Ave
Kenilworth, NJ 07033-1600

**JORGE MEJIA**
652 Monmouth Ave
Kenilworth, NJ 07033-1600

64 Lawley Drive #1301
Lincroft, NJ 07738